Contracts; Wunderlich Act; interpretation; custom;and usage may not vary intent expressed in contract language.— Plaintiff seeks, under Wunderlich Act standards, review of a decision of the Department of Interior Board of Indian Appeals denying its claim of right to refund of alleged overcharges under four timber contracts. Plaintiff entered into contracts with the defendant for the purchase and sale of timber located on the Mount Hood National Forest in Oregon. The contracts contemplated that certain species and product (termed "logs”) meeting specified utilization standards would be paid for by the plaintiff at a contractually specified rate per thousand board feet (MBF), net scale; material which did not meet those utilization standards, however, would be paid for at a flat rate per acre (PAM). Each of the contracts provided that the volume, expressed in board feet (net scale), of wood in all logs would be determined by scaling to be performed by the Forest Service. Plaintiff contends that this scaling was improperly performed by the Forest Service in that whole logs rather than segments were scaled. As a result, plaintiff alleges, it was required to pay at contractually specified rates per thousand board feet net scale for materials which were PAM, and for which plaintiff had already compensated defendant at per-acre rates, thus resulting in overpayments by plaintiff to the defendant. Plaintiff contends that under the clear and unambiguous terms of its contracts scaling was required to be conducted on a *620 segment basis rather than "by the piece”, i.e., by the whole log. Defendant argues that, to implement Forest Service policy and practice, and to maximize purchaser charges, plaintiffs interpretation should be rejected. On October 22, 1979 Trial Judge Harry E. Wood filed a recommended opinion (reported in full at 26 CCF ¶ 83,751) reversing the decision of the Board. The trial judge found that the terms of the contracts were clear and unambiguous in their requirement that scaling be performed on segments of logs when determining whether the product met specified utilization standards. Failure of the defendant to scale properly resulted in overcharging the plaintiff. Since the contract explicitly delineated the meaning of its terms, evidence of trade custom and usage could not be utilized by the defendant to show that the clear and unambiguous language had a meaning different from its ordinary meaning. On February 8, 1980 the court, by order, adopted the recommended decision as the basis for its judgment in this case, granted plaintiffs motion for summary judgment, denied defendant’s cross-motion, and entered judgment on liability for the plaintiff. The court remanded the case to the Department of Interior Board of Indian Appeals for determination of the amount of recovery and stayed proceedings in this court.
On June 3, 1980, pursuant to a stipulation filed by the parties, the case having been administratively settled, the court dismissed the petition pursuant to Rule 102(a)(1)(ii).